MARGARET L. ELKS v. JAMES ERIC HANNAN

No. 833SC266

(Filed 5 June 1984)

**Rules of Civil Procedure § 59; Trial § 50.1— misconduct of jurors—new trial**

The trial court did not abuse its discretion in granting plaintiff a new trial for misconduct by the jury or the prevailing party pursuant to G.S. 1A-1, Rule 59(a)(2) because some jurors were observed during a court recess standing by defense counsel's table looking at a drawing which the court had refused to receive into evidence.

APPEAL by defendant from *Tillery, Judge.* Order entered 4 November 1982 in Superior Court, PITT County. Heard in the Court of Appeals 5 March 1984.

Plaintiff, a passenger on a motorcycle operated by defendant on one of Greenville's principal thoroughfares, sued for injuries sustained when the motorcycle ran into the curb and threw her to the pavement. From the outset, defendant contended that he was forced into the curb by a pickup truck that left the scene without stopping and he described the alleged driver to the police. Based thereon, a police artist made a composite drawing of the driver and the officers attempted to identify the vehicle and driver, but without avail. During the jury trial defendant offered to introduce the drawing into evidence, but the court rejected it, and the trial proceeded to verdict, which was in defendant's favor on the

negligence issue, and the jury was discharged. The next day, after making the customary motions for a new trial, which were overruled, counsel for plaintiff also moved for a mistrial based on information that the jury foreman and two or three other jurors had been observed during a court recess standing by defense counsel's table looking at the drawing that the court had refused to receive in evidence. The court conducted a post-trial hearing, during the course of which four jurors about the courthouse because of a subsequent trial were examined; though none of them had seen the drawing, one admitted that it was discussed during their deliberations about the case. After making appropriate findings and conclusions, the judge ordered a mistrial, and defendant appealed.

*James, Hite, Cavendish & Blount, by M. E. Cavendish and Charles R. Hardee, for plaintiff appellee.*

*Williamson, Herrin, Stokes & Heffelfinger, by Mickey A. Herrin, and Dixon, Horne, Duffus & Doub, by J. David Duffus, Jr., for defendant appellant.*

PHILLIPS, Judge.

At the threshold of this appeal, we are confronted with the fact that whether the order appealed from is deemed to be an order of mistrial, as the record states, or an order for a new trial, as we believe, it was certainly a discretionary order, interlocutory in nature, that was not immediately appealable. G.S. 1-277; G.S. 7A-27. Nevertheless, because of the posture that the case is in and its unusual circumstances, we have decided, as the law permits, to treat the appeal as a petition for certiorari and determine the issue raised now, rather than later. G.S. 7A-32(c).

As stated, we do not regard the order appealed from as being an order of mistrial. Though a trial judge in a civil case has the power, in his discretion, to order a mistrial at any time before the verdict is returned, 12 Strong's N.C. Index 3d, *Trial* § 9.2 (1978), that power to terminate a trial, which is what a mistrial does, necessarily ends after verdict has been returned, the jury discharged, and the trial is over. But there are other authorized means by which a trial judge can properly dissolve a trial that has been completed and permit another one. Under the provisions of Rule 59, N.C. Rules of Civil Procedure, a trial judge in his

sound discretion can grant a motion for a new trial for any of many apparently justifiable reasons, including misconduct of the jury or the prevailing party; and such order can be entered on the court's own initiative "for any reason for which it might have granted a new trial on motion of a party." As the following excerpts from the transcript show, Judge Tillery was apprehensive about the jury being affected by an exhibit that he refused to let them see, and clearly intended to nullify the trial and require a new one by whatever means were appropriate under the circumstances:

> THE COURT: Well, here is the point in which I cannot agree with you. I have no way of knowing [whether the jury was affected by the drawing], and neither do either of you, what other discussions may have gone on in the jury room, what may have entered the mind of the man that saw the picture. And it may well be, as you say, that it didn't make one particle of difference. But I don't know that. And for me to condone that picture being left on that table, I cannot do it. And whether it was intentional or purposeful, I don't know. I certainly prefer to believe it was accidental. But I am not going to punish that plaintiff by reason of something that David did. That picture was, for all intents and purposes, put in evidence, at least in that one man's mind when he saw it. And I instructed that jury that they should be guided by the evidence as they heard it and saw it in the courtroom. Since I don't know, I think your side has got to take the burden. Not his.
>
> I take it that you researched the proper method for me to go about putting this aside and conclude it is by mistrial?
>
> MR. HARDEE: I think so.
>
> THE COURT: Since the judgment has been signed?
>
> MR. HARDEE: Yes, sir.

In our judgment, a discretionary order, appropriate to the circumstances, that a trial judge is empowered and clearly intends to enter should not fail because it was inadvertently given the wrong nomenclature. We therefore consider the order as one granting a new trial for misconduct by the jury or prevailing party under the provisions of (a)(2) of the above-numbered rule. So

viewed, the record indicates no abuse of discretion in entering the order, and we will not disturb it. *Hamlin v. Austin*, 49 N.C. App. 196, 270 S.E. 2d 558 (1980). The order being discretionary, that the record does not positively show that the jury was prejudiced by the incident which occurred is unimportant; the significant and controlling thing for the purposes of this appeal is that the record does not show that the order was clearly erroneous or amounted to a manifest abuse of discretion. *State v. Sneeden*, 274 N.C. 498, 164 S.E. 2d 190 (1968).

Affirmed.

Chief Judge VAUGHN and Judge WHICHARD concur.