BURNICE A. ALLEN AND WIFE, JEAN J. ALLEN; DALE W. BARNES; DAVID E. BROWN AND WIFE, BRENDA T. BROWN; DWIGHT BROWN; H.B. BUCHANAN; WILLIAM G. CORGEY, JR. AND WIFE, NAOMI J. CORGEY; LARRY CRAVY AND WIFE, ELAINE CRAVY; ROBERT V. FERNANDEZ AND WIFE, MARIANNE G. FERNANDEZ; WALTER F. GASKINS AND WIFE, SALLY GASKINS; JOHN M. HINSON AND WIFE, DAPHNE HINSON; R.L. JOHNSON AND WIFE, FRANCES W. JOHNSON; JOE H. JONES; E. NIVEN MILLER; LINDA ONSTOTT; CHARLES ROMAN AND WIFE, MARY JOYCE ROMAN; JANE W. RUBIN AND HUSBAND, SEYMOUR P. RUBIN; LARRY W. SWANSON; KATRINE WADE; BARBARA WISE, PLAINTIFFS v. SEA GATE ASSOCIATION, INC., DEFENDANT

No. COA94-913

(Filed 15 August 1995)

**1. Appeal and Error § 120 (NCI4th)— interlocutory order— possibility of two trials on same issues—order appealable**

The trial court's partial summary judgment for plaintiffs which did not address defendant's counterclaims was interlocutory because it did not dispose of the case in its entirety; however, the appeal was permitted because the issues on plaintiffs' claims and defendant's counterclaims were the same, and it was possible that dismissal of the appeal would result in two trials on the same issues.

**Am Jur 2d, Appellate Review §§ 117, 118.**

**2. Deeds § 81 (NCI4th)— dues and assessments—provisions not specific—void provisions—no extension of restrictive covenants after expiration**

A restrictive covenant requiring the owner to pay an annual charge of $60.00 "for the maintenance, upkeep and operations of the various areas and facilities by Sea Gate Association, Inc." was void and unenforceable, since it did not name specific property which was to be maintained, and there was no standard by which it could be assessed how defendant chose which properties to maintain.

**Am Jur 2d, Covenants, Conditions and Restrictions §§ 180-182.**

**3. Deeds § 67 (NCI4th)— restrictive covenants—power to alter, amend, or revoke—no power to extend time**

A provision in a declaration of restrictive covenants allowing the covenants to be "altered, amended, or revoked" upon written agreement of two-thirds of the lot owners did not confer the

ALLEN v. SEA GATE ASSN.

[119 N.C. App. 761 (1995)]

power to extend the covenants beyond the date of expiration stated in the declaration.

**Am Jur 2d, Covenants, Conditions and Restrictions §§ 180, 181, 268-270.**

**4. Limitations, Repose, and Laches § 67 (NCI4th)— assessments under restrictive covenant—applicable statute of limitations**

The six-year statute of limitations of N.C.G.S. § 1-50(3) applied to defendant's counterclaims for assessments pursuant to a restrictive covenant.

**Am Jur 2d, Covenants, Conditions and Restrictions § 315.**

Appeal by defendant from order entered 22 April 1994 by Judge Herbert O. Phillips, III in Carteret County Superior Court. Heard in the Court of Appeals 10 May 1995.

*Lamar Jones, P.A., by Lamar Jones, for plaintiffs-appellees.*

*Beswick, Coyne & Simpson, by H. Buckmaster Coyne, Jr., for defendant-appellant.*

LEWIS, Judge.

This appeal concerns the validity of the dues and assessment provisions of restrictive covenants affecting subdivision lots owned by plaintiffs.

Defendant appeals the grant of partial summary judgment to plaintiffs. The verified pleadings, affidavits, documentary evidence, and stipulations presented by the parties show the following: The original Declaratory of Protective Covenants, (hereinafter original Declaratory), recorded in May 1972 in Book 337, Page 172, Carteret County Registry provides, *inter alia*, for assessment of dues, to be paid to defendant, for the maintenance of areas and facilities in the subdivision, authorizes alteration, amendment, or revocation of the restrictions, and sets an expiration date of 1 January 1992. On 31 December 1991, defendant recorded a document entitled Amended and Restated Declaration of Protective Covenants, Sea Gate Subdivision, (hereinafter Amended Declaration) in Book 675, Page 56, Carteret County Registry. It was executed, as required by the original Declaratory, by owners of more than two thirds of the lots. By

this document, defendant sought to extend the original Declaratory past its expiration date and to amend many of its provisions.

Plaintiffs filed a complaint for, *inter alia*, declaratory relief declaring that the dues and assessment provisions of the original Declaratory are void and unenforceable and that the covenants may not be extended past 1 January 1992. Defendant answered and asserted counterclaims for assessments allegedly owed by plaintiffs pursuant to the original Declaratory. Defendant obtained partial summary judgment as to some of the plaintiffs by orders filed 24 November 1994. The remaining plaintiffs obtained partial summary judgment on all claims relevant to this appeal in the order signed 15 April 1994, filed 21 April 1994, and entered 22 April 1994. From this order, defendant appeals.

[1] We must first address whether the interlocutory nature of this appeal precludes review. There has been no judgment on defendant's counterclaims. Thus, the court's partial summary judgment is interlocutory because it leaves further action for the trial court and does not dispose of the case in its entirety. *See Davidson v. Knauff Ins. Agency*, 93 N.C. App. 20, 24, 376 S.E.2d 488, 490, *disc. review denied*, 324 N.C. 577, 381 S.E.2d 772 (1989). However, an appeal from an interlocutory order is permitted under N.C.G.S. § 1-277 and N.C.G.S. § 7A-27(d) when it affects "a substantial right which may be lost or prejudiced if not reviewed prior to final judgment." *Dalton Moran Shook Inc. v. Pitt Dev. Co.*, 113 N.C. App. 707, 710, 440 S.E.2d 585, 588 (1994). The right to avoid the possibility of two trials on the same issues can be a substantial right that permits an appeal of an interlocutory order when there are issues of fact common to the claim appealed and remaining claims. *Green v. Duke Power Co.*, 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982).

Here, the issues of whether the dues assessment and enforcement provisions of the original Declaratory, whether the attempted extension is valid, and what the appropriate statute of limitations is on defendant's counterclaims all involve issues of fact common to defendant's counterclaim for the amounts it claims are due under the assessment provisions. Hence, it is possible that a dismissal of the appeal would result in two trials on the same issues. Since this appeal involves a substantial right that could be prejudiced if the appeal is dismissed, we address the merits.

[2] Defendant first contends that the court erred in ruling that the dues assessment and enforcement provisions of the original

Declaratory are void and unenforceable, and on this basis, granting summary judgment to plaintiffs. We disagree. Covenants that impose affirmative obligations on property owners are strictly construed and unenforceable unless the obligations are imposed "in clear and unambiguous language" that is "sufficiently definite" to assist courts in its application. *Beech Mountain Property Owners' Ass'n, Inc. v. Seifart*, 48 N.C. App. 286, 295, 269 S.E.2d 178, 183 (1980). To be enforceable, such covenants must contain "some ascertainable standard" by which a court "can objectively determine both that the amount of the assessment and the purpose for which it is levied fall within the contemplation of the covenant." *Id.* Assessment provisions in restrictive covenants (1) must contain a " 'sufficient standard by which to measure . . . liability for assessments,' " . . . (2) "must identify with particularity the property to be maintained," and (3) "must provide guidance to a reviewing court as to which facilities and properties the . . . association . . . chooses to maintain." *Figure Eight Beach Homeowners' Ass'n, Inc. v. Parker*, 62 N.C. App. 367, 376, 303 S.E.2d 336, 341 (1983) (quoting and citing *Beech Mountain*, 48 N.C. App. at 295-96, 269 S.E.2d at 183-84), *disc. review denied*, 309 N.C. 320, 307 S.E.2d 170 (1983).

The dues assessment and enforcement provisions of the original Declaratory are similar to those held void and unenforceable in *Snug Harbor Property Owners Association v. Curran*, 55 N.C. App. 199, 284 S.E.2d 752 (1981), *disc. review denied*, 305 N.C. 302, 291 S.E.2d 151 (1982). The void provisions in *Snug Harbor* provided that the assessments were to be used "for the maintenance of the recreation area and park" and for "the maintenance and improvement of Snug Harbor and its appearance, sanitation, easements, recreation areas and parks." *Id.* at 201, 203-04, 291 S.E.2d at 753-54.

The provisions in this case are even less specific than those in *Snug Harbor*, to wit: "The Buyer . . . agrees to pay . . . $60.00 . . . , said annual charge being a reasonable, necessary and proportionate charge for the maintenance, upkeep and operations of the various areas and facilities by Sea Gate Association, Inc., . . . . " No specific property is named, and there is no standard by which we can assess how the Association chooses which properties to maintain. These provisions are much less specific and certain than those held valid in *Figure Eight*, relied upon by defendant. *See Figure Eight*, 62 N.C. App. at 377, 303 S.E.2d at 342. Nor is there evidence in the record, as in *Figure Eight*, showing whether plaintiffs were made aware by ref-

erences in their deeds to maps or to the original Declaratory as to which properties and facilities were to be maintained and improved by the assessments. *See id.* The assessment and enforcement provisions in the original Declaratory are invalid and unenforceable; the trial court did not err in granting summary judgment to plaintiffs on this issue.

[3] Defendant also argues that the trial court erred in granting summary judgment to plaintiffs on the ground that the language in the original Declaratory did not give defendant the power to extend the covenants beyond 1 January 1992. The provision in question reads as follows:

> 12. . . . All of the restrictions, conditions, covenants and agreements contained herein shall continue until January 1, 1992, except that they may be changed, altered, amended or revoked in whole or in part by the record owners of the lots in the Subdivision whenever the individual and corporate record owners of at least 2/3 of said platted lots so agree in writing.

Defendant contends that this provision allowing the covenants to be "altered, amended, or revoked" upon written agreement of two-thirds of the lot owners confers the power to extend. We disagree. Covenants that restrict the use of property are "strictly construed against limitation on use . . . and will not be enforced unless clear and unambiguous." *Beech Mountain*, 48 N.C. App. at 295, 269 S.E.2d at 183.

The provision allowing alteration, amendment, or revocation follows a provision stating emphatically that all restrictions will end on 1 January 1992. There is no provision that clearly permits an extension. As phrased, the expiration date deals with the ending of all restrictions; it is not of the same nature as the other restrictions. At most, the phrase allowing alteration, amendment, or revocation creates an ambiguity as to whether the expiration date may be extended. Since we must construe any ambiguity in favor of limited duration and against restricting property, *Edney v. Powers*, 224 N.C. 441, 443, 31 S.E.2d 372, 374 (1944), we read these provisions as failing to provide for extension of the expiration date. Such a construction is reasonable in light of the clearly established expiration date and the lack of a provision permitting extension. Accordingly, the original Declaratory expired on 1 January 1992, and could not be extended.

**ALLEN v. SEA GATE ASSN.**

[119 N.C. App. 761 (1995)]

**[4]** Defendant also contends that the trial court erred by ordering that any recovery by defendant against plaintiffs is limited by a three-year statute of limitations. The record shows that defendant received partial summary judgment against some of the plaintiffs on plaintiffs' third claim. It is not clear from the record whether these judgments entitle defendant to recover anything from these plaintiffs on its counterclaims. However, since there has been no judgment on defendant's counterclaims, we must assume for purposes of this appeal that some recovery is possible. Accordingly, we address the issue of what statute of limitations governs defendant's counterclaims for assessments under the original Declaratory.

Defendant argues that a ten-year statute of limitations for instruments under seal applies. *See* N.C.G.S. § 1-47(2). Plaintiff argues, and the trial court held, that a three-year statute of limitations applies. *See* N.C.G.S. § 1-52(1). Although one case has applied a ten-year statute of limitations to a restrictive covenant as a contract under seal, *see Harris & Gurganus v. Williams*, 37 N.C. App. 585, 587, 246 S.E.2d 791, 794 (1978), we believe subsequent precedent requires us to apply the six-year statute of limitations in N.C.G.S. § 1-50(3). *See Hawthorne v. Realty Syndicate, Inc.*, 43 N.C. App. 436, 440, 259 S.E.2d 591, 593 (1979), *aff'd*, 300 N.C. 660, 268 S.E.2d 494 (1980) (this court held that § 1-50(3) applied to restrictive covenants; our Supreme Court affirmed the opinion "in all respects" but did not address this issue directly). Accordingly, a six-year statute of limitations applies to defendant's counterclaims.

We conclude the trial judge did not err in concluding that there are no genuine issues of material fact and that plaintiffs are entitled to partial summary judgment as provided in the order entered 22 April 1994.

Affirmed.

Chief Judge ARNOLD and Judge McGEE concur.