McGINNIS POINT OWNERS ASSOCIATION, INC., AND THE BOARD OF DIRECTORS OF
    McGINNIS POINT OWNERS ASSOCIATION, INC., PLAINTIFFS v. BARNEY G.
    JOYNER, AND WIFE PHYLLIS M. JOYNER, DEFENDANTS

No. COA98-1486

(Filed 7 December 1999)

**1. Deeds— assessment covenants—definiteness**

The trial court did not err in granting summary judgment in
favor of plaintiffs, who sought to recover annual assessments
plus interest from defendant-property owners, because the Ocean
Declaration covenant: (1) establishes a sufficient standard for
ascertaining defendants' liability for assessments; (2) describes
the property to be maintained with particularity; and (3) provides
sufficient guidance as to which properties and facilities are
required to be maintained with assessment funds.

**2. Deeds— assessment covenants—enforcement—attorney
fees—written notice—fifteen percent limitation**

In a case where an Owners' Association sought to recover
annual assessments plus interest from defendant-property own-
ers pursuant to their Ocean Declaration covenants, the trial
court's order awarding attorney fees to plaintiffs under N.C.G.S.
§ 6-21.2 is vacated and remanded for further findings on the issue
of whether plaintiffs have provided written notice to defendants
stating that defendants have five days from the mailing of such
notice to pay the assessments without incurring attorney fees,
and if notice was provided, the original award of attorney fees
must be limited to fifteen percent of the outstanding assessment
balance under N.C.G.S. § 6-21.2(2).

Appeal by defendants from order entered 11 August 1998 by
Judge James E. Ragan, III in Carteret County Superior Court. Heard
in the Court of Appeals 14 September 1999.

*Kirkman, Whitford & Brady, P.A., by Carolyn B. Brady, for
plaintiff-appellees.*

*Temple & Petersen, by G. Henry Temple, Jr., for defendant-
appellants.*

LEWIS, Judge.

Plaintiffs, McGinnis Point Owners Association, Inc. ("Owners'
Association") and its Board of Directors, are charged with main-

taining and administering the real properties of McGinnis Point, administering and enforcing applicable covenants and restrictions, and collecting and disbursing all relevant assessments. Two tracts of land approximately one mile apart comprise McGinnis Point. The first tract ("McGinnis Point Subdivision") is a ten-acre, ninety-unit development located on Bogue Sound. The second tract, ("McGinnis Point-Ocean") includes seven lots located on the Atlantic Ocean. McGinnis Point Subdivision is composed of single-family detached homes, a swimming pool, two tennis courts and a boat ramp. McGinnis Point-Ocean is composed of single-family detached homes and an ocean front beach access area with a parking lot, walkway and deck, called McGinnis Point Ocean Park ("ocean park").

Defendants here are the record owners of Lot 4 in McGinnis Point-Ocean pursuant to a General Warranty Deed recorded 15 May 1992 in the Carteret County Registry. The deed in the conveyance states that it is made subject to that Declaration of Covenants, Restrictions and Easements for McGinnis Point-Ocean ("Ocean Declaration"), recorded in the Carteret County Registry 8 June 1987. The Ocean Declaration references the Declaration of Covenants, Restrictions, and Easements for McGinnis Point Subdivision ("Subdivision Declaration"), which was recorded in the Carteret County Registry several years prior to the Ocean Declaration.

The portion of the Ocean Declaration which is pertinent to this appeal is set forth as follows:

### Article 11. McGinnis Point Amenities

The owner of each lot within McGinnis Point-Ocean shall be deemed an associate member of the McGinnis Point Owner's Association, Inc. Each such associate member shall be entitled to use the McGinnis Point swimming pool, the McGinnis Point tennis courts, and the McGinnis Point ocean park, and no other McGinnis Point amenity or common area, except as may be required to allow ingress and egress to those amenities for which utilization is permitted herein. No such associate member shall be a voting member of the McGinnis Point Owner's Association, Inc. To assist in bearing the maintenance cost associated with the use of such facilities, each lot shall pay an annual assessment to the McGinnis Point Owner's Association, Inc., in an amount equal to 25% of the annual dues payable by the owner of a Currituck unit within McGinnis Point, as such dues level may be established from time to time, plus $100.00 per year. All such assessments

shall be payable in advance. Failure to pay said dues shall be treated as failure to pay an assessment under the Declaration of Covenants for McGinnis Point recorded in Deed Book 491, Page 52, Carteret County Registry, and the Association shall have the right to enforce said assessment by all means allowed by law, or allowed by said covenants. The use of such master common properties shall be subject to the rules and regulations adopted by the Association from time to time, and applicable to all members and associate members of the Association.

Plaintiffs assessed defendant-property owners pursuant to the Ocean Declaration for the years 1994, 1995, 1996, 1997 and 1998. Plaintiffs' complaint alleged defendant-property owners failed and refused to pay annual assessments from 1994 through 1998, requested payment of such assessments with twelve percent (12%) interest in accordance with the Owners' Association Bylaws as well as reasonable attorneys' fees. Defendants counterclaimed asking to recover damages from plaintiffs for improvements to the surrounding properties if it were determined that defendants were liable for assessments.

On 11 August 1998, the trial court granted plaintiffs' motion for summary judgment and denied defendants' motion for summary judgment. The court ordered defendants to pay the amounts owing under their respective assessments with interest, totaling $3508.87, and reasonable attorneys' fees in the amount of $5876.49. Defendants appeal from this Order.

[1] Defendants first argue the trial court acted improperly in granting plaintiffs' motion for summary judgment and denying defendants' motion for summary judgment under Rule 56. The test to be applied by the trial court in ruling on a motion for summary judgment was whether the pleadings, depositions, answers to interrogatories, admissions of file or affidavits established a genuine issue as to any material fact. N.C.R. Civ. P. 56(c); *Tuberculosis Assoc. v. Tuberculosis Assoc.*, 15 N.C. App. 492, 494, 190 S.E.2d 264, 265 (1972). If no such issue exists, the trial court must then determine whether the moving party is entitled to judgment as a matter of law. N.C.R. Civ. P. 56(c); *Van Poole v. Messer*, 19 N.C. App. 70, 71, 198 S.E.2d 106, 107 (1973).

Defendants assert that Article 11 of the Ocean Declaration is insufficient to require the McGinnis Point-Ocean property owners to pay assessments. Specifically, defendants contend that Article 11 does not satisfy the standards relevant to covenants imposing affirmative obligations that this Court applied in *Homeowners'*

*Association v. Parker and Homeowners' Association v. Laing*, 62
N.C. App. 367, 303 S.E.2d 336, *disc. review denied* 309 N.C. 320, 307
S.E.2d 170 (1983) and clarified in *Allen v. Sea Gate Assn.*, 119 N.C.
App. 761, 460 S.E.2d 197 (1995). Further, defendants attempt to dis-
tinguish the covenant provisions which we held enforceable in
*Homeowners'* from those in this case in order to establish that the
terms of Article 11 fail for vagueness, rendering it unenforceable. We
disagree.

Covenants which impose affirmative obligations on property
owners are strictly construed and unenforceable unless the obliga-
tions are executed in " 'clear and unambiguous language' " that is
" 'sufficiently definite' " to guide the courts in their application. *Allen*,
119 N.C. at 764, 460 S.E.2d at 199 (quoting *Beech Mountain Property
Owner's Assoc. v. Seifart*, 48 N.C. App. 286, 295, 269 S.E.2d 178, 183
(1980)). There must be " 'some ascertainable standard' " by which a
court " 'can objectively determine both that the amount of the
assessment and the purpose for which it is levied fall within the con-
templation of the covenant.' " *Id.* In *Allen*, we clarified the inquiry rel-
evant to the imposition of assessment obligations. There, we held that
assessment provisions "(1) must contain a 'sufficient standard by
which to measure . . . liability for assessments,' . . . (2) 'must identify
with particularity the property to be maintained,' and (3) 'must pro-
vide guidance to a reviewing court as to which facilities and proper-
ties the . . . association . . . chooses to maintain.' " *Id.* (quoting
*Homeowners' Association*, 62 N.C. App. at 376, 303 S.E.2d at 341).
Accordingly, we must determine whether the test in *Allen* as applied
to the assessment provisions here supports the trial court's grant of
summary judgment in favor of plaintiffs.

We first consider whether the Ocean Declaration sets forth a suf-
ficient standard by which to measure defendant-property owners' lia-
bility for assessments. Article 11 of the Ocean Declaration requires
the owner of each lot to pay "an amount equal to 25% of the annual
dues payable by the owner of a Currituck unit within McGinnis Point,
as such dues level may be established from time to time, plus $100.00
per year." The dues payable by the owner of a Currituck Unit are con-
tained in the Subdivision Declaration, which Article 11 makes appli-
cable by providing that a "[f]ailure to pay said dues shall be treated as
failure to pay an assessment under the [Subdivision Declaration]."
The assessment provisions in the Ocean Declaration sufficiently
specify the standard by which to measure liability in light of that held
sufficient in *Homeowners' Association*, to wit: "[S]uch assessment or

charge shall be in an amount to be fixed from year to year by the Company, which may establish different rates from year to year as it may deem necessary . . . ." 62 N.C. App. at 371, 303 S.E.2d at 338. We find that the Ocean Declaration establishes a sufficient standard for ascertaining defendant-property owners' liability for assessments.

We find that Article 11 describes the property to be maintained with particularity. Article 11 of the Ocean Declaration establishes each homeowner's right to use and obligation to bear the maintenance costs of the "McGinnis Point swimming pool, the McGinnis Point tennis courts, and the McGinnis Point ocean park." Because McGinnis Point only contains one of each of these facilities, we can discern no construction of Article 11 which would support any conclusion other than that of the trial court.

We also find that Article 11 of the Ocean Declaration provides sufficient guidance as to which properties and facilities are required to be maintained with assessment funds. Defendants were made aware by the terms of Article 11 that assessment funds would be used for maintenance costs associated with the use of the particularly described facilities. There are no after-acquired properties or facilities other than those specified in the Ocean Declaration requiring maintenance with assessment funds. Consequently, we find the covenants sufficient to guide the trial court in its determination.

Our careful review of the record on appeal and consideration of the arguments advanced by defendants fail to persuade us that there is any genuine issue of material fact as to the application and enforceability of the assessment provisions against defendants. We therefore find the trial court properly entered summary judgment in favor of plaintiffs on the issue of assessment provisions. In affirming the grant of plaintiffs' summary judgment motion, we necessarily conclude that defendants' motion for summary judgment was properly denied.

[2] Defendants also argue that the trial court's award of reasonable attorneys' fees in excess of fifteen percent (15%) of the balance owing was improper under N.C. Gen. Stat. § 6-21.2. The Bylaws in this case, recorded as part of the Subdivision Declaration, allow for the collection of reasonable attorneys' fees incident to the collection of assessments. As a general rule, a party cannot recover attorneys' fees "unless such a recovery is expressly authorized by statute." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). In accordance with this rule, N.C. Gen. Stat. § 6-21.2

McGINNIS POINT OWNERS ASS'N v. JOYNER

[135 N.C. App. 752 (1999)]

authorizes an award of attorneys' fees pursuant to the provisions of a covenant when certain requirements have been fulfilled. *Four Seasons Homeowners Assoc., Inc. v. Sellers*, 72 N.C. App. 189, 191-92, 323 S.E. 2d 735, 737-38 (1984). Plaintiffs must have complied with section 6-21.2 to be entitled to an award of attorneys' fees.

Our first consideration on the award of attorneys' fees is the explicit notice requirement in section 6-21.2(5). Specifically, plaintiffs must have provided written notice to defendants stating that defendants had five days from the mailing of such notice to pay the assessments without incurring attorneys' fees. *Blanton v. Sisk*, 70 N.C. App. 70, 74-75, 318 S.E.2d 560, 564 (1984). Defendants argue plaintiffs failed to fulfill this notice requirement, making the trial court's award of attorneys' fees improper. Nothing in the record indicates that plaintiffs did or did not provide defendants written notice in accord with section 6-21.2(5), nor is there a finding either way. Absent a finding of notice, the trial court was not authorized to award attorneys' fees under section 6-21.2. We therefore vacate the trial court's award of attorneys' fees and remand to the trial court for findings on the issue of notice.

If it is determined on remand that defendants were provided with requisite notice, the court must reconsider its award of reasonable attorneys' fees pursuant to the Bylaws. When reasonable attorneys' fees are authorized without specifying a certain percentage, the provision shall be construed to mean fifteen percent (15%) of the balance outstanding on the assessments. N.C. Gen. Stat. § 6-21.2(2). The trial court's $5876.49 award far exceeded this fifteen percent (15%) limitation. Accordingly, if the trial court on remand determines plaintiffs provided notice under section 6-21.2(5), the original award of attorneys' fees must be limited to fifteen percent (15%) of the outstanding assessment balance under section 6-21.2(2).

We also note that the North Carolina Planned Community Act, enacted in February 1999, allows a court to award reasonable attorneys' fees exceeding fifteen percent (15%) in a case such as this. N.C. Gen. Stat. § 47F-1-101 (1999). Section 47F-3-120 allows the prevailing party in an action to enforce a Declaration of Covenants to recover reasonable attorneys' fees if the Declaration of Covenants permits such recovery, unlike section 6-21.2(2), where a specific percent must be stated to override the fifteen percent (15%) limitation. But Chapter 47F only applies to planned communities created prior to February 1999 if their Declaration of Covenants is amended to indicate that this statute applies. N.C. Gen. Stat. § 47F-1-102(d) (1999). No such amend-

ment was made here, so plaintiffs' only statutory basis for attorneys' fees is through section 6-21.2.

The order of the trial court granting summary judgment to plaintiffs is affirmed. The order awarding attorneys' fees to plaintiffs is vacated and remanded.

Affirmed in part, vacated in part and remanded.

Chief Judge EAGLES and Judge MARTIN concur.