JACOB E. MILES, ET AL., PLAINTIFFS-APPELLANTS V. CAROLINA FOREST ASSOCIATION, DEFENDANT-APPELLEE AND CROSS-APPELLANT

No. COA99-1500

(Filed 16 January 2001)

1. **Deeds— subdivision's declaratory statement of covenants and restrictions—fees and assessments—summary judgment proper**

     The trial court did not err by granting partial summary judgment in favor of plaintiffs, subdivision property owners, in an action to determine the validity of fees and assessments which arise out of defendant subdivision association's declaratory statement of covenants and restrictions, because: (1) there was ample

evidence before the trial court to decide the summary judgment motion; and (2) the record indicates the evidence before the trial court included copies of recorded deeds, a declaration, amendments, and affidavits from defendant which documented plaintiffs' voting records.

**2. Deeds— subdivision's declaratory statement of covenants and restrictions—fees and assessments—extension of declaration by amendment not permissible**

The trial court erred in only granting partial summary judgment in favor of plaintiffs, subdivision property owners, regarding the termination of the subdivision association's declaration on 1 January 1990, because: (1) the language in the declaration granting authority to change, alter, amend, or revoke did not clearly permit an extension by amendment; and (2) the declaration's failure to provide authority to extend it beyond 1 January 1990 means it cannot be enforced against any of the plaintiffs.

**3. Deeds— subdivision's declaratory statement of covenants and restrictions—fees and assessments—implied-in-law contract**

Even though the amendments purporting to extend defendant subdivision association's declaration are invalid, this case is remanded to the trial court for a determination of whether all plaintiffs, subdivision property owners, have impliedly agreed to pay for maintenance, upkeep and operation of the roads, common areas, and recreational facilities within the subdivision based on an implied-in-law contract since they have received benefits under the terms of the declaration.

Appeals by plaintiffs and defendant from judgment dated 20 September 1999 by Judge Melzer A. Morgan, Jr. in Montgomery County Superior Court. Heard in the Court of Appeals 19 October 2000.

*Fisher, Clinard & Craig, PLLC, by John O. Craig, III and Shane T. Stutts, for plaintiffs-appellees-appellants.*

*Karl N. Hill, Jr. for defendant-appellant-appellee.*

WALKER, Judge.

This case arises out of a dispute between a subdivision association, defendant Carolina Forest Association (CFA), and the plaintiffs

who own property in the subdivision. Defendant seeks to enforce fees and assessments which arise out of its declaratory statement of covenants and restrictions (declaration), and plaintiffs object to paying such fees and assessments.

On 1 June 1970, the land development company Russwood, Incorporated (Russwood) prepared a declaration to run with Carolina Forest subdivision, a gated community which it had developed in Montgomery County, North Carolina. The declaration was recorded on 8 July 1970. Russwood conveyed certain land, rights and obligations to defendant by deed which was recorded on 16 August 1973. The declaration contains the following paragraph which limited duration of the covenants and restrictions to 1 January 1990:

> 10. These restrictions and covenants run with the land, and shall bind the PURCHASERS, their heirs, executors, administrators, personal representatives and assigns, and if any of them shall violate or attempt to violate any of the covenants or restrictions herein contained, it shall be lawful for any person(s) or corporation(s) owning any such lots in the sub-division to prosecute any proceedings at law or in equity against those violating or attempting to violate any such covenants or restrictions and either to prevent him, them or it from doing so, or to recover damages for such violation. *All of the restrictions, conditions, covenants and agreements contained herein shall continue until January 1, 1990, except that they may be changed, altered, amended or revoked in whole or in part by the record owners of the lots in the sub-division whenever the individual and corporate record owners of at least ⅔ of the said platted lots so agree in writing.* Provided, however, that no changes shall be made which might violate the purposes set forth in Restrictions No. 1 [limiting lots to residential purposes generally] and No. 8 [providing a perpetual easement and rights of ingress and egress for utility lines]. Any invalidation of any one of these covenants and restrictions shall in no way affect any other of the provisions thereof which shall hereafter remain in full force and effect.

(emphasis added).

With the 1 January 1990 expiration date of the declaration approaching, defendant requested the lot owners to consent in writing to amend the declaration so the covenants and restrictions would extend beyond 1 January 1990. Of the 906 lots in the subdivision, 618 lot owners signed consent forms, which exceeded the two-thirds of

the lot owners required by the declaration to pass an amendment. Amendments were recorded on 31 October 1988, 20 April 1989 and 17 April 1990, and a corrected amendment was recorded on 17 April 1990. Each amendment stated in pertinent part: (1) pursuant to the declaration, defendant has obtained consent to the amendment by more than 2/3 of the record lot owners in the subdivision; (2) each property owner agrees to abide by the defendant's bylaws which may be amended from time to time; (3) lot owners agree to pay annual fees and assessments to defendant for maintenance, upkeep and operation of the various areas and facilities; (4) failure to pay such fees and assessments may result in a lien upon the land; and (5) the declaration shall continue until 1 January 1990, "after which time [it] shall be automatically extended for successive and additional periods of ten (10) years . . . ."

In 1997 and 1998, because some of the lot owners did not pay assessments, defendant voided their gate cards which prevented their access to the subdivision. Plaintiffs brought this action against defendant seeking: (1) a declaratory judgment regarding their rights and obligations as lot owners; and (2) an injunction to prohibit levying fees and assessments and to allow access to the subdivision and common areas. In its answer, defendant moved to dismiss on the theory that plaintiffs were bound by the amendments which extended the declaration.

On 30 April 1998, the trial court entered a temporary restraining order prohibiting defendant from blocking plaintiffs' access to the subdivision. Plaintiffs moved for summary judgment and after a hearing, the trial court granted partial summary judgment in favor of plaintiffs and certified the case for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. N.C. R. Civ. P. 54(b)(1999).

In its order, the trial court divided plaintiffs into two categories: (1) those to whom the amendments to extend the declaration were valid and against whom fees and assessments could be enforced; and (2) those to whom the amendments were invalid and the fees and assessments could not be enforced but they would be required to pay maintenance fees and assessments. The trial court placed in the first category those lot owners who: (1) voluntarily consented in writing to amending and extending the declaration and were therefore "estopped from claiming absolute exemption from charges and assessments;" or (2) purchased their lot(s) after 16 August 1973, thereby receiving a deed which expressly referred to the covenants

and restrictions and the deed from Russwood to defendant, which the trial court therefore provided "sufficient particularity to place those lot owners on notice of assessment charges and to make [d]efendant's assessments generally valid and enforceable." The claims of these lot owners were therefore dismissed.

Next, the trial court upheld the claims of the second category of lot owners who did not consent to the amendments or who did not receive a deed to their property after 16 August 1973 with reference to the covenants and restrictions and the deed from Russwood to defendant. However, the trial court found an implied contract existed between this second category of lot owners and defendant, which required them to contribute to the maintenance, repair and upkeep of all roadways for three years preceding the filing of the answer. In addition, defendant was enjoined from preventing these lot owners access to the subdivision so long as they paid these fees and assessments.

[1] In its first assignment of error, defendant argues the trial court improperly granted partial summary judgment for plaintiffs because it relied solely on the allegations in plaintiffs' complaint. Defendant contends that plaintiffs failed to support their motion with affidavits or other materials, and that no competent evidence was presented to establish that: (1) any particular plaintiff did not affirmatively vote in writing to extend and amend the declarations; (2) any particular plaintiff did not receive a deed after 16 August 1973 which contained reference to the covenants and restrictions and the deed from Russwood to defendant; and (3) any particular plaintiff was not estopped from asserting the invalidity of the covenants and restrictions in the declaration.

Summary judgment is limited to cases where "all of the facts on all of the essential elements of [a party's] claim are in his favor and that there is no genuine issue of material fact with respect to any one of the essential elements of his claim." *Development Corp. v. James*, 300 N.C. 631, 637, 268 S.E.2d 205, 209 (1980). In addition, "an issue is material if the facts as alleged would constitute a legal defense, would affect the result of the action or would prevent the party against whom it is resolved from prevailing in the action." *Id.* In evaluating the evidence presented, the movant "has the burden of 'clearly establishing the lack of any triable issue of fact by the record properly before the court.'" *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975) (citation omitted).

In its order which granted partial summary judgment to plaintiffs, the trial court stated ". . . the Court, after having reviewed the pleadings, affidavits, and briefs filed by the parties to this action, and after having heard the arguments of counsel, concludes . . . 1. No genuine of [sic] issues of material fact exist as to certain aspects of this action, as enumerated more fully herein . . . ." The record indicates the evidence before the trial court included copies of recorded deeds, a declaration, amendments and affidavits from defendant which documented plaintiffs' voting records. Thus, there was ample evidence before the trial court for it to decide the summary judgment motion.

[2] In its sole assignment of error, plaintiffs contend the trial court erred in only granting partial summary judgment, since no genuine issue of material fact existed as to the termination of the declaration on 1 January 1990. Plaintiffs contend the amendments to extend the declaration were not enforceable, even as to the first category of lot owners who voted for the amendments or who received notice in their deeds, because the language of the declaration did not grant authority for the declaration to be extended beyond 1 January 1990. In support of this argument, plaintiffs assert that although the language in the declaration grants authority for it to be "changed, altered, amended or revoked in whole or in part[,]" it does not give permission to extend the declaration by amendments.

This case is controlled by *Allen v. Sea Gate Assn.*, 119 N.C. App. 761, 460 S.E.2d 197 (1995), where lot owners of a residential subdivision brought a declaratory judgment action seeking to have declared void the restrictive covenants on the basis that they had expired. The declaration which embodied the restrictive covenants contained the following language which limited its duration:

> 12. . . . All of the restrictions, conditions, covenants and agreements contained herein shall continue until January 1, 1992, *except that they may be changed, altered, amended or revoked in whole or in part* by the record owners of the lots in the Subdivision whenever the individual and corporate record owners of at least ⅔ of said platted lots so agree in writing.

*Id.* at 765, 460 S.E.2d at 200 (emphasis added). On 31 December 1991, defendant purported to extend the declaration by recording an amendment that had been consented to in writing by more than two-thirds of the lot owners. *Id.* at 762-63, 460 S.E.2d at 198. Defendant contended "that this provision allowing the covenants to be 'altered,

amended, or revoked' upon written agreement of two-thirds of the lot owners confers the power to extend." *Id.* at 765, 460 S.E.2d at 200. This Court disagreed, however, because "[c]ovenants that restrict the use of property are 'strictly construed against limitation on use . . . and will not be enforced unless clear and unambiguous." *Id.* at 765, 460 S.E.2d at 200. This Court found the language in the original declaration granting authority to change, alter, amend or revoke did not clearly permit an extension. *Id.* Thus, an ambiguity was created which was construed in favor of limited duration and against restricting property. *Id.* This Court held that because the original declaration expired, it could not be extended by amendment. *Id.*

Likewise in the case *sub judice*, a similar provision in the declaration permits it to be "changed, altered, amended or revoked" but does not clearly authorize an extension. This ambiguity must likewise be construed in favor of limited duration and against restricting property. We hold that because the declaration failed to provide authority to extend it beyond 1 January 1990, it expired upon this date and cannot be enforced against any of the plaintiffs.

[3] Defendant argues that even if the amendments purporting to extend the declaration are invalid, plaintiffs are still bound to pay fees and assessments because they have received benefits under the terms of the declaration for which they are obligated to pay. This Court has held that "[a]n implied in law contract will usually lie wherever one man has been enriched or his estate enhanced at another's expense under circumstances that, in equity and good conscience, call for an accounting by the wrongdoer." *Ellis Jones, Inc. v. Western Waterproofing Co.*, 66 N.C. App. 641, 646, 312 S.E.2d 215, 218 (1984).

Here, although the trial court found that an implied contract exists between defendant and the second category of plaintiffs to whom it held the declaration extension enforceable, it did not determine whether an implied contract exists between defendant and all the plaintiffs notwithstanding the validity of the amendments to extend the declaration. In its order, the trial court stated that it still needed to determine the following:

> The history of [defendant] road maintenance fund as well as its current status, including whether the fund has been used by Defendant for non-road-related matters, and whether the Plaintiffs may be entitled to some monetary credit for a road maintenance fee and whether or not Plaintiffs are in arrears in the

payment of road maintenance fees for the three years preceding the filing of the Answer in this cause[.]

We therefore remand this case to the trial court to address whether all of the plaintiffs have impliedly agreed to pay for maintenance, upkeep and operation of the roads, common areas and recreational facilities within the subdivision, and if so, in what amount.

In light of the foregoing, we need not address the remaining contentions.

We reverse the trial court's order in part and remand for entry of partial summary judgment in favor of all the plaintiffs for the reason that the declaration was not extended by the amendments. The remaining matters at issue in this case are remanded to the trial court for a determination as to all of the plaintiffs.

Reversed in part and remanded.

Judges McGEE and HORTON concur.