JAMES R. BROWN AND WIFE, KAY N. BROWN; CCTD, INC., A NORTH CAROLINA CORPORATION, PLAINTIFFS v. WOODRUN ASSOCIATION, INC., DEFENDANT

No. COA02-704

(Filed 1 April 2003)

**1. Deeds— restrictive covenants—provision for alteration—ambiguous**

A provision for alteration of restrictive covenants was ambiguous as to whether the expiration date of the covenants could be extended and the trial court did not err by granting partial summary judgment for plaintiffs in an action challenging the validity of the restrictions.

**2. Deeds— restrictive covenants—acquiescence—implied waiver of challenge**

There are no North Carolina authorities stating that equitable remedies are available where homeowners challenge the continued validity of restrictive covenants and the homeowners' association claims an implied waiver in the homeowners' acquiescence in and benefit from the covenants.

**3. Trials— remand—claim not raised at trial—separate action**

The trial court did not err by denying defendant's motion to clarify the issues for trial after a remand where defendant's

remaining claim was not raised as a counterclaim at trial, but was a separate issue which could be determined in a separate action.

Appeal by defendant from orders entered 6 October 1999 and 15 October 1999 by Judge Howard R. Greeson, Jr., and 11 February 2002 by Judge Peter M. McHugh in Montgomery County Superior Court. Heard in the Court of Appeals 9 January 2003.

*Thomas D. Windsor for plaintiff-appellees.*

*McNair Law Firm, P.A., by Allan W. Singer, for defendant-appellant.*

HUNTER, Judge.

Woodrun Association, Inc. ("defendant") appeals various orders including and stemming from a grant of partial summary judgment in favor of Mr. and Mrs. James R. Brown and CCTD, Inc. (collectively "plaintiffs") regarding the enforcement of restrictive covenants for the Woodrun subdivision ("Woodrun"). We affirm for the reasons stated herein.

Woodrun is located in Montgomery County, North Carolina. Defendant is a North Carolina nonprofit corporation that was set up to act as the homeowners' association for Woodrun. In 1971, defendant filed a Declaratory Statement of Covenants and Restrictions to Run with Land ("Declaration") with the Montgomery County Register of Deeds. The Declaration required defendant to maintain the common areas of the subdivision, as well as allowed defendant to enforce restrictive covenants as they applied to all lot owners in the subdivision. Furthermore, Paragraph 11 of the Declaration provided, *inter alia*:

> All of the restrictions, conditions, covenants and agreements contained herein shall continue until January 1, 1992, except that they may be changed, altered, amended or revoked in whole or in part by the record owners of the lots in the sub-division whenever the individual and corporate record owners of at least 2/3 of said platted lots so agree in writing.

Pursuant to Paragraph 11, defendant executed a Restatement of Declaratory Statement of Covenants and Restrictions to Run with Land ("Restatement") on 5 December 1991. The Restatement was filed on 7 April 1992 in the Montgomery County Register of Deeds. The Restatement was substantially the same as the Declaration

BROWN v. WOODRUN ASS'N

[157 N.C. App. 121 (2003)]

except that all of the restrictions, conditions, covenants, and agreements contained in the Restatement continued until 1 January 2002 instead of 1 January 1992, "after which time said covenants and restrictions [would] be automatically extended for successive periods of ten years each" unless a two-thirds vote of the lot owners provided otherwise.

In his capacity as President of plaintiff CCTD, Inc., plaintiff James Brown ("Brown") bought two lots in Woodrun in April of 1997. In June of 1997, Brown and his wife also bought a lot in Woodrun. The development of those lots, directed by Brown, subsequently created problems between the parties regarding whether proposed construction plans of plaintiffs complied with restrictions set forth in the Declaration and the Restatement.

On 14 July 1998, plaintiffs filed an action challenging the validity of the restrictions. In their complaint, plaintiffs alleged that the restrictive covenants in the Declaration had expired and could not be extended by the Restatement due to their ambiguity. Thus, plaintiffs sought (1) a declaration that the restrictive covenants in the Restatement were unenforceable, (2) injunctions to prevent defendant from enforcing the restrictions, and (3) monetary damages resulting from defendant's alleged enforcement of the restrictions. In defendant's answer, it denied plaintiffs' allegations and asserted the affirmative defenses of statute of limitations, laches, waiver, estoppel, and unclean hands. Defendant also counterclaimed for (1) overdue assessments "in a sum to be determined[,]" and (2) an injunction to prevent plaintiffs "from commencing or carrying on any construction on their lots in Woodrun [that was] not in compliance with the terms and conditions of the Declarations[.]" The counterclaim was later voluntarily dismissed without prejudice.

Defendant filed a motion for summary judgment on 7 April 1999. On 4 October 1999, the Montgomery County Superior Court denied defendant's motion, but granted partial summary judgment in favor of plaintiffs on all issues other than damages. After the court also denied defendant's motion for rehearing, reconsideration, and relief from the grant of partial summary judgment, defendant appealed to this Court. We remanded the case to the lower court as interlocutory and not appealable because there were remaining factual issues to decide. On 22 January 2002, defendant filed a Rule 56(f) motion asking the trial court to clarify the remaining factual issues for trial. In response, plaintiffs voluntarily dismissed their damages claim without prejudice on 5 February 2002. After hearing arguments from all parties, the

court denied defendant's motion, holding it no longer had jurisdiction over the parties because plaintiffs had voluntarily dismissed their damages claim. Thereafter, defendant gave notice of appeal to this Court from (1) the partial summary judgment order; (2) the order denying its motion to rehear, reconsider, and grant relief from the grant of partial summary judgment; and (3) the order denying its motion to clarify issues for trial.

I.

[1] In its first assignment of error, defendant argues the trial court erred in granting partial summary judgment in favor of plaintiffs because genuine issues of fact existed as to the termination of the Declaration on 1 January 1992. Plaintiffs argue, however, that the ambiguous language in Paragraph 11 of the Declaration prevented it from being extended by the Restatement. We agree with plaintiffs.

As cited by plaintiffs in their brief, this case is controlled by *Allen v. Sea Gate Assn.*, 119 N.C. App. 761, 460 S.E.2d 197 (1995). The issue in *Allen* was whether provisions regarding dues and assessments in a restrictive covenant that affected subdivision lots owned by the plaintiffs were void and unenforceable. Specifically, those plaintiffs argued the following provision was ambiguous and therefore unenforceable:

12. . . . All of the restrictions, conditions, covenants and agreements contained herein shall continue until January 1, 1992, *except that they may be changed, altered, amended or revoked in whole or in part* by the record owners of the lots in the Subdivision whenever the individual and corporate record owners of at least 2/3 of said platted lots so agree in writing.

*Id.* at 765, 460 S.E.2d at 200 (emphasis added). We concluded:

The provision allowing alteration, amendment, or revocation follows a provision stating emphatically that all restrictions will end on 1 January 1992. There is no provision that clearly permits an extension. As phrased, the expiration date deals with the ending of all restrictions; it is not of the same nature as the other restrictions. At most, the phrase allowing alteration, amendment, or revocation creates an ambiguity as to whether the expiration date may be extended. Since we must construe any ambiguity in favor of limited duration and against restricting property . . . we read these provisions as failing to provide for extension of the expiration date. Such a construction is reasonable in light of the clearly established expiration date and the lack of a provision

permitting extension. Accordingly, the original Declaratory expired on 1 January 1992, and could not be extended.

*Id.*

The provision at issue in the present case is virtually identical to the provision in *Allen*. Having previously held in *Allen* that a declaration containing the language in Paragraph 11 of the Declaration is ambiguous as to whether the expiration date may be extended, we may not now hold otherwise. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding "a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court"). Therefore, the Declaration is unenforceable and cannot be extended by the Restatement because its ambiguity must be construed in favor of limited duration and against restricting property.

[2] In the alternative, defendant argues that even if the Declaration cannot be extended by the Restatement, equitable defenses bar plaintiffs' claims challenging the validity of the restrictions. Specifically, defendant contends that because plaintiffs both benefitted and acquiesced to the restrictions, they impliedly waived the right to challenge them, are estopped to assert that right, and are barred by unclean hands from asserting it. However, none of the cases cited by defendant in support of this contention involved the application of equitable remedies as a means of recovery when restrictive covenants were deemed void. In fact, we have found no North Carolina authority stating that equitable remedies are available to a party in this particular situation. Thus, we decline to do so now.

## II.

[3] Defendant also assigns error to the trial court's denial of its Rule 56 motion to clarify issues for trial. Defendant contends the issue of whether it could collect assessments and fees for the maintenance of roads and common areas under a theory of implied contract was still left to be decided despite the court's conclusion that the restrictions were unenforceable. Defendant supports his contention by citing *Miles v. Carolina Forest Ass'n*, 141 N.C. App. 707, 541 S.E.2d 739 (2001).

In *Miles*, a declaration containing a provision with language similar to that in Paragraph 11 in this case was at issue. By relying on

*Allen*, the *Miles* Court held the declaration was unenforceable because the ambiguous provision did not clearly authorize an extension. *Id.* at 713, 541 S.E.2d at 742. However, unlike *Allen*, the trial court in *Miles* had found that an implied contract existed between the defendant and several of the plaintiffs, which required those plaintiffs to contribute to the maintenance, repair, and upkeep of their subdivision for a specific period of time. *Id.* at 711, 541 S.E.2d at 741. Thus, on appeal, this Court remanded the case to the trial court for a determination as to whether all plaintiffs had impliedly agreed to pay for maintenance, repair, and upkeep of the subdivision, and if so, in what amount. *Id.* at 714, 541 S.E.2d at 742.

Unlike *Miles*, the trial court in the case *sub judice* never found that an implied contract existed. This theory of relief was never raised by defendant at the trial level as a counterclaim even though defendant had raised two other counterclaims which it later voluntarily dismissed. Therefore, defendant's failure to raise an implied contract theory as a counterclaim limits our review on appeal to whether defendant had the ability to enforce restrictions and dues based on the 1991 Restatement. Nevertheless, as plaintiffs' counsel stated in oral arguments, the possible existence of an implied contract between the parties raises a separate issue that can be determined in a separate action.

For the aforementioned reasons, we affirm the trial court's grant of partial summary judgment in favor of plaintiffs and its subsequent denial of defendant's (1) motion to rehear, reconsider, and grant relief from the grant of partial summary judgment, and (2) motion to clarify issues for trial.

Affirmed.

Judges McGEE and CALABRIA concur.