STEPHANIE CALLANAN, Plaintiff,
v.
BRIAN A. WALSH, Defendant.
No. COA09-482.
Court of Appeals of North Carolina.
Filed January 19, 2010.
This case not for publication
Donald H. Barton for Plaintiff-Appellant.
Adams Hendon Carson Crow & Saenger, P.A., by Joy McIver, for Defendant-Appellee.
STEPHENS, Judge.
This matter was previously heard and a decision was rendered by this Court on 16 August 2005. Callanan v. Walsh, 172 N.C. App. 591, 616 S.E.2d 693, 2005 WL 1949881 (2005) (unpublished) ("Callanan I"). In Callanan I, Plaintiff appealed to this Court from an equitable distribution judgment entered 4 February 2004 in Transylvania County District Court, which ordered in part that "[P]laintiff receive fee simple title to the two lots and house in Lake Toxaway Estates; and that [P]laintiff pay to [D]efendant a distributive award of $225,000." Id. at *3. Our Court remanded the matter in part to the trial court for additional findings of fact regarding a certain $450,000, which we determined could not have been a marital debt. Id. at *5.
In response to this Court's remand, on 6 March 2008, Judge Robert S. Cilley entered an order adjusting the earlier division such that Plaintiff's total assets were $450,000 greater than Defendant's. Judge Cilley effected this result by "[t]aking $225,000 from Defendant's side and adding that same amount to Plaintiff's side[.]"
On 23 July 2008, Defendant filed a motion pursuant to N.C. R. Civ. P. 60 requesting relief from Judge Cilley's order of 6 March 2008 or, in the alternative, entry of an order containing findings of fact and conclusions of law supporting the denial of Defendant's motion. On 5 November 2008, Judge Cilley entered the following order in response to Defendant's motion:
This matter came back to the District Court on partial remand from the Court of Appeals, the obvious intent of the said Court's mandate being that the trial court make additional findings as to some, but not all, of the parties' assets for the purpose of making an equitable distribution. However, between the time of the original trial and the remand of the case, the judge who had heard the case (and to whom it would ordinarily have been remanded) left the bench, and the undersigned judge took evidence on the remanded issues in an attempt to comply with the Court of Appeals' mandate, resulting in an Order of March 6, 2008. That Order can best be called un-beautiful, and this Court, having considered the parties' arguments concerning it, has become convinced that in this case, because some facts were found by another judge, on evidence that the undersigned judge did not hear, it is impossible for the undersigned to evaluate the several distributional factors that appear to be involved. Because consideration of those factors is the parties' statutory right, this court has determined that equity cannot be done without a complete rehearing of the matter by a single judge.
Accordingly, this court's order of March 6, 2008 is withdrawn and declared null and void, and the court declares a mistrial of the action. Let this case be placed back on the docket of pending civil cases, for trial at the earliest session possible for the parties.
From Judge Cilley's order of 5 November 2008, Plaintiff appeals. On 7 July 2009, Defendant filed a motion to dismiss Plaintiff's appeal to this Court on grounds that the trial court's order is interlocutory.

II. Discussion

A. Declaration of Mistrial
"[A] trial judge in a civil case has the power, in his discretion, to order a mistrial at any time before the verdict is returned, 12 Strong's N.C. Index 3d, Trial § 9.2 (1978), that power to terminate a trial, which is what a mistrial does, necessarily ends after verdict has been returned, the jury discharged, and the trial is over." Elks v. Hannan, 68 N.C. App. 757, 758, 315 S.E.2d 553, 554 (1984) (emphasis added). Although "there are other authorized means by which a trial judge can properly dissolve a trial that has been completed and permit another one[,]" id., in the present matter, the trial court purported to declare a mistrial of the action. However, because a judgment had already been rendered in this case on 6 March 2008, the trial judge no longer had the power to declare a mistrial. See id. Thus, that part of the trial court's order declaring a mistrial must be vacated.

B. Interlocutory Nature of Plaintiff's Appeal
"An order or judgment is merely interlocutory if it does not determine the issues but directs some further proceeding preliminary to final decree." Greene v. Charlotte Chem. Labs., Inc., 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961). Because the 5 November 2008 order requires further proceedings, it is interlocutory.
[A]n interlocutory order is immediately appealable only under two circumstances. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. . . .
The other situation in which an immediate appeal may be taken from an interlocutory order is when the challenged order affects a substantial right of the appellant that would be lost without immediate review.
Embler v. Embler, 143 N.C. App. 162, 164-65, 545 S.E.2d 259, 261 (2001) (internal citations and quotation marks omitted).
In the present case, neither of these exceptions apply. The trial court did not certify its order for appeal, nor does the trial court's order impair a substantial right of Plaintiff's. "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." Id. at 165, 545 S.E.2d at 262 (internal citations and quotation marks omitted).
Plaintiff contends that the trial court's order affects a substantial right in that it creates the possibility of two trials on the same issue. See Allen v. Sea Gate Ass'n, Inc., 119 N.C. App. 761, 763, 460 S.E.2d 197, 199 (1995) ("The right to avoid the possibility of two trials on the same issues can be a substantial right that permits an appeal of an interlocutory order when there are issues of fact common to the claim appealed and remaining claims."). No such possibility exists in this case.
Following this Court's decision in Callanan I, the only issue that remained in this case was "the treatment of a certain $450,000 matter[.]" Thus, the 6 March 2008 order applied solely to the $450,000 matter, as did the 5 November 2008 order which declared the 6 March 2008 order to be null and void. Accordingly, only one issue in this case remains to be decided, and there is no possibility of two trials on this remaining issue. As a result of the granting of the Rule 60 motion, Plaintiff faces a new trial to resolve the treatment of the $450,000 matter. Avoidance of a rehearing or trial is not a substantial right entitling an aggrieved party to a right of immediate appellate review. Blackwelder v. Dept. of Human Resources, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). Accordingly, Plaintiff's appeal is dismissed.
DISMISSED IN PART; VACATED IN PART.
Judges STROUD and BEASLEY concur.
Report per Rule 30(e).