**BERKELEY FEDERAL SAVINGS BANK v. TERRA DEL SOL, INC.**

[119 N.C. App. 249 (1995)]

BERKELEY FEDERAL SAVINGS BANK (F/K/A BERKELEY FEDERAL SAVINGS AND LOAN ASSOCIATION), A FEDERALLY CHARTERED SAVINGS BANK, PLAINTIFF V. TERRA DEL SOL, INC., A KENTUCKY CORPORATION, STEVEN K. SMITH, A NATURAL PERSON; LINDENWOOD LAND COMPANY, LTD., A KENTUCKY LIMITED PARTNERSHIP; ILEX PROPERTY SERVICES, INC., A KENTUCKY CORPORATION; HORIZON RESORTS, INC., A NORTH CAROLINA CORPORATION; FOXFIRE RESORTS, INC., A NORTH CAROLINA CORPORATION; FIRST RESORT PROPERTIES OF N.C., INC., A NORTH CAROLINA CORPORATION; RANCH RESORTS OF N.C., INC., A NORTH CAROLINA CORPORATION; GULF COAST LAND COMPANY, AN ADMINISTRATIVELY DISSOLVED FLORIDA CORPORATION, AND PREMIER RESORTS, INC., AN INVOLUNTARILY DISSOLVED MASSACHUSETTS CORPORATION, DEFENDANTS

No. COA94-830

(Filed 6 June 1995)

## Trial § 213 (NCI4th)— counterclaims—original claims—voluntary dismissal and refiling

Plaintiff, a former savings and loan, was entitled to take a voluntary dismissal of its claims and refile them within one year of the voluntary dismissal where plaintiff filed and amended its initial complaint; the trial court granted plaintiff partial summary judgment on three of its twenty-nine claims; the trial court granted summary judgment on all of defendants' seventeen counterclaims; defendants' appeal was dismissed as interlocutory; plaintiff took a voluntary dismissal on its remaining claims; defendant filed another appeal and the granting of partial summary judgment for plaintiff on three of its claims and on all of defendants' counterclaims was affirmed; plaintiff refiled its remaining claims within one year of its dismissal; and the trial court granted defendants' motion to dismiss based on *res judicata*. Although it was held in *McCarley v. McCarley*, 289 N.C. 109, that a plaintiff is barred from voluntarily dismissing his initial claim when a defendant asserts a counterclaim that arises out of the same transactions and occurrences as plaintiff's initial claim, defendants' counterclaims were completely adjudicated at the time plaintiff took its voluntary dismissal.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9 et seq.**

**Construction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.**

BERKELEY FEDERAL SAVINGS BANK v. TERRA DEL SOL, INC.

[119 N.C. App. 249 (1995)]

Appeal by plaintiff from order entered 12 April 1994 by Judge D. Jack Hooks, Jr. in Moore County Superior Court. Heard in the Court of Appeals 19 April 1995.

This case involves a suit to recover damages from defendants who allegedly defrauded plaintiff, a federally chartered and federally insured savings and loan institution. On 26 January 1988, plaintiff filed its initial complaint. On 9 September 1988, plaintiff filed an amended complaint alleging twenty-nine claims for relief. Defendants answered and filed a counterclaim alleging seventeen claims for relief against plaintiff. On 22 December 1988, the trial court granted plaintiff partial summary judgment on three of its twenty-nine claims for relief. The trial court also granted plaintiff summary judgment on all of defendants' seventeen counterclaims.

Defendants appealed the dismissal of their counterclaims to the North Carolina Court of Appeals. On 30 March 1990, this Court held that defendants' appeal was interlocutory and dismissed defendants' appeal. On 20 September 1991, plaintiff took a voluntary dismissal of its remaining twenty-six claims pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure. Defendants filed another appeal to this Court which affirmed the trial court's order granting plaintiff partial summary judgment on three of its claims and granting summary judgment for plaintiff on all of defendants' counterclaims.

Plaintiff refiled its remaining twenty-six claims on 18 September 1992, within one year of its voluntary dismissal. On 7 April 1994, the trial court granted defendants' motion to dismiss based on *res judicata*. Plaintiff appeals.

*Brown & Bunch, by Charles Gordon Brown and John C. Schafer, for plaintiff-appellant.*

*Patton Boggs, L.L.P., by Eric C. Rowe and Allen Holt Gwyn, for defendant-appellees.*

EAGLES, Judge.

Plaintiff contends that the trial court erred in dismissing plaintiff's unadjudicated claims. We agree.

In its order dismissing plaintiff's claims, the trial court held that all of plaintiff's claims in this action arose out of the same transactions and occurrences as defendants' counterclaims in the previous action. The trial court stated:

**BERKELEY FEDERAL SAVINGS BANK v. TERRA DEL SOL, INC.**

[119 N.C. App. 249 (1995)]

As a result, the plaintiff's present claims are themselves compulsory counterclaims to the counterclaims asserted by the defendants in the first case. Because plaintiff elected not to present its claims for resolution in the first case, plaintiff is now barred from doing so. The Court concludes as a matter of law that the doctrine of res judicata precludes the further prosecution of this action . . . .

Rule 41(a)(1) of the North Carolina Rules of Civil Procedure provides that any action or any claim therein may be dismissed by the plaintiff without a court order at any time before plaintiff rests his case. G.S. 1A-1, Rule 41(a)(1). Unless otherwise stated, the dismissal is without prejudice and may be refiled within one year of the dismissal. *Id.* In *McCarley v. McCarley*, 289 N.C. 109, 221 S.E.2d 490 (1976), our Supreme Court held that when a defendant asserts a counterclaim that arises out of the same transactions and occurrences as plaintiff's initial claim, plaintiff is barred from voluntarily dismissing his initial claim without defendant's consent. Here, however, plaintiff took a voluntary dismissal of its remaining twenty-six claims after plaintiff had been granted summary judgment on defendants' counterclaims and after their initial appeal to this Court had been dismissed as interlocutory. Defendants appealed again to this Court after plaintiff took its voluntary dismissal on its remaining claims. After this Court affirmed the trial court's order in its entirety, plaintiff refiled its remaining claims within the one year period provided by the rules. Since plaintiff's claims were still pending at the time the trial court entered judgment on defendants' counterclaims and their appeal to this Court was dismissed as interlocutory, defendants' counterclaims were completely adjudicated at the time plaintiff took its voluntary dismissal. We conclude that on these facts, plaintiff was entitled to take a voluntary dismissal of their claims and refile them within one year of the voluntary dismissal. Accordingly, the trial court erred in dismissing plaintiff's action.

Reversed and remanded.

Judges MARTIN, JOHN C., and McGEE concur.