An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-421

Filed 3 December 2025

Davidson County, No. 21CVS002155-280

JRM, INC., Plaintiff,

v.

THE HJH COMPANIES, INC. d/b/a THE SALT GROUP, THE HJH CONSULTING GROUP, INC., and TODD G. SIZER, Defendants.

Appeal by defendant from judgment entered 13 December 2024 by Judge Susan E. Bray in Davidson County Superior Court. Heard in the Court of Appeals 18 November 2025.

> *Robinson, Bradshaw & Hinson, P.A., by R. Steven DeGeorge, for the third party plaintiff-appellant.*

> *Carruthers & Roth, P.A., by Kevin A. Rust, for the third-party defendant-appellee Todd Sizer.*

TYSON, Judge.

JRM, Inc. ("Plaintiff") sued The HJH Companies, Inc. ("HJH") and Todd G. Sizer ("Sizer") after Plaintiff realized Sizer had purportedly acted without authority and signed a contract binding Plaintiff to HJH. Following remand after a prior appeal by HJH before this Court, Plaintiff filed an amended complaint, which omitted Sizer

as a party. HJH attempted to join Sizer as a third-party defendant. Sizer moved to dismiss, which was granted, but the trial court's order granting Sizer's motion to dismiss is not before us on appeal. Sizer also moved for costs and attorney's fees, which the trial court awarded. This costs and attorney's fees order is properly before this Court. We affirm the trial court's order granting attorney's fees to Sizer.

## I.    Background

This cause was previously before this Court. *JRM, Inc. v. HJH Companies, Inc.* ("*JRM I*"), 287 N.C. App. 592, 883 S.E.2d 217 (2023). A prior panel dismissed HJH's first appeal as interlocutory after concluding HJH had failed to prove a valid arbitration agreement existed. *Id.* at 597-98, 883 S.E.2d at 220-21.

The facts and procedural history are set forth in this Court's prior opinion:

> Plaintiff manufactures, sells, and distributes irrigation equipment for golf courses and other turf covered surfaces. Plaintiff's office is located in Clemmons. HJH Companies is a Texas corporation doing business as [ ] "The Salt Group." HJH's principal place of business is located in San Antonio, Texas.
> HJH's business model centers on generating cost-savings for companies by negotiating lower rates and costs with third-party vendors. HJH then bills those companies for any purported savings. News reports revealed HJH had "overstat[ed] the amount of money clients owed the company so it could tap a line of credit with the bank." A consultant for HJH pled guilty in federal court to knowingly inflating and fabricating figures for unearned estimates of fees to be earned under contingent fee contracts.
> During the sentencing hearing, the prosecutor argued the convicted consultant was "only following the orders of his boss," the owner of HJH. The trial court

- 2 -

expressed its frustration with the situation, stating: 'This court is going to [ ] hav[e] to fashion an appropriate sentence . . . on the man who really is not the person who should be before the court. But, unfortunately, that's the person we have."

Before 2020, HJH had reached out to Plaintiff's officers on numerous occasions, attempting to convince Plaintiff to enter into an agreement for its purported cost-savings services. Plaintiff's officers repeatedly expressed no desire to contract with HJH, as Plaintiff has historically been able to secure efficient and reasonable agreements with vendors, and HJH's services were not needed.

Plaintiff hired Sizer in mid-October of 2020 as its Chief Financial Officer. Within a couple of weeks of hiring Sizer, he entered an agreement for cost-saving services with HJH on 3 November 2020. The purported agreement included a reference to arbitration agreement provisions included on HJH's website.

Plaintiff's President and Chief Executive Officer, James R. Merritt, submitted a sworn affidavit to the trial court. In the affidavit, Merritt stated only he and his wife, Jennifer B. Merritt, the secretary of JRM, were authorized to enter into or execute contracts on behalf of the company.

Sizer concealed the HJH agreement, and other unauthorized agreements, from Plaintiff's management. In the spring of 2021, Merritt learned of an unauthorized contract Plaintiff had entered into with a third party, who is not a litigant in this case. As a result, Plaintiff amended the company's policy handbook on 22 March 2021, clarifying and listing only Merritt and his wife as having the authority to enter into binding contracts with third parties. Merritt also asked Sizer if he had signed any other contracts. Sizer responded he had not.

Sizer continued to contract with and pay HJH for alleged cost-saving services without authority and without Plaintiff's knowledge or consent. Sizer appeared to know he was unauthorized to contract with HJH, because he waited until HJH's accounts payable manager was out of the office to log into the company's accounting system, add HJH as a vendor, and to secretly pay HJH for alleged cost-savings services on 26 July 2021. Two days after this

conduct, Sizer resigned from the company on 28 July 2021.

Sizer, however, continued to contract with HJH after he submitted his resignation. He signed an addendum to the HJH agreement on 11 August 2021, which purported to obligate Plaintiff to pay $92,298.55 to HJH for "merchant card services that had never been obtained." Plaintiff did not learn about this addendum until after Sizer had left the company. Additionally, Plaintiff received a $15,000 invoice from HJH on Sizer's last official day of employment, which Sizer promised to explain in an email, but never addressed.

Plaintiff subsequently sent Sizer a letter informing him they would withhold his final paycheck to partially mitigate their damages, and they informed him they planned to "continue to investigate [his] role in this matter, and reserve[d] the right to pursue all available civil and criminal remedies to the fullest extent of the law."

Plaintiff received numerous invoices, demand letters, and collection calls from HJH. These communications claimed Plaintiff owed HJH a principal amount of $108,798.55. The amount Plaintiff purportedly owed, however, significantly increased after Plaintiff's lawyers asserted claims against HJH. HJH's final demand letter expressed Plaintiff owed them $241,861.47 for both the principal and interest and threatened to force arbitration to be held in Texas.

According to Merritt, it "would impose an extreme hardship on [Plaintiff] to have to defend a meritless claim in [Texas]." Plaintiff brought several claims against HJH, including: declaratory relief regarding the validity and scope of the purported contracts, fraud, unfair and deceptive trade practices, illegal conspiracy, recission of the contract, and punitive damages on 22 October 2021. Plaintiff also alleged Sizer breached his fiduciary duty and committed constructive fraud.

HJH moved to dismiss Plaintiff's claims, or alternatively to compel arbitration and stay litigation, on 29 December 2021. Plaintiff served two affidavits in opposition to the motion. HJH filed an untimely affidavit in support of the motion.

A hearing on the motions was held on 10 January

2022. The trial court entered an order striking the affidavit of Tisha Petty ("Petty Affidavit"), who is the Senior Manager Account Services and Legal Liaison for HJH, and denied both of HJH's motions on 20 January 2022. HJH filed a notice of appeal on 7 February 2022.

*Id.* at 593-95, 883 S.E.2d at 218-19.

After this Court published its decision in the prior appeal, Plaintiff and Sizer settled their dispute and filed a joint stipulation of dismissal with prejudice on 9 August 2023. Plaintiff filed an amended complaint against Defendants, which omitted Sizer as a party, on 1 July 2024. HJH filed an answer, counterclaim, and third-party complaint against Sizer as a third-party defendant on 7 August 2024. HJH amended its third-party complaint on 27 September 2024. Sizer moved to dismiss the third-party complaint on 30 September 2024.

A hearing was held on 4 November 2024 regarding Sizer's motion to dismiss and motion for attorney's fees pursuant to N.C. Gen. Stat. §§ 6-21.5 and 75-16.1 (2023). The trial court granted Sizer's motion to dismiss and entered an order on 12 November 2024. The trial court also granted Sizer's Motion for Attorney's Fees on 5 December 2024 and entered a subsequent Amended Order 9 December 2024. HJH filed its notice of appeal on 23 December 2024.

Sizer filed a Motion to Dismiss Appeal on 11 August 2025, asserting HJH's appeal was interlocutory because there were still issues pending in the trial court between Plaintiff and HJH. Shortly thereafter, on 25 August 2025, Plaintiff and HJH entered an order stipulating "to the dismissal, with prejudice, of all claims that were

or could have been asserted in this action, each party to bear its own costs." The order provided the "dismissal shall not affect the pending appeal (COA 25-421) of the Court's December 13, 2024 Amended Order awarding attorneys' fees to former Third-Party Defendant Todd Sizer."

## II. Jurisdiction

Two separate jurisdictional questions are presented on appeal: (1) whether HJH's appeal is interlocutory and Sizer's motion to dismiss appeal should be granted; and, (2) whether the trial court's order awarding Sizer attorney's fees is properly before this Court on appeal.

### A. Sizer's Motion to Dismiss Appeal as Interlocutory

Sizer argues this Court should dismiss HJH's appeal as interlocutory. While Sizer correctly asserts HJH's appeal was interlocutory when filed, because claims between Plaintiff and HJH were pending before the trial court when HJH initially filed its appeal, all remaining claims have since been dismissed with prejudice. *See N.C. Dept. of Transp. v. Page,* 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) ("An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy."); *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558, 681 S.E.2d 770, 773 (2009) ("As a general rule, interlocutory orders are not immediately appealable.").

"[F]ollowing the dismissal of Plaintiffs' remaining claims, [HJH's] appeal was

no longer interlocutory." *Curl v. Am. Multimedia, Inc.*, 187 N.C. App. 649, 653, 654 S.E.2d 76, 79 (2007). Sizer's Motion to Dismiss HJH's Appeal is dismissed as moot. *Id.*

## B. Trial Court's Order Awarding Sizer Attorney's Fees

The trial court granted Sizer's Motion for Attorney's Fees on 5 December 2024 and entered a subsequent Amended Order on 9 December 2024. HJH timely and properly filed its notice of appeal from the order awarding Sizer's attorney's fees on 23 December 2024. N.C. R. App. P. 3(c). This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) (2023).

## III. Issues

The only issue properly before this Court is whether the trial court erred by granting Sizer's motion for attorney's fees.

## IV. Attorney's Fees

HJH argues the trial court erred in awarding attorney's fees to Sizer. It asserts the award of attorney's fees was based upon the erroneous conclusion HJH failed to assert a justiciable issue of law or fact. We disagree.

## A. Standard of Review

The trial court awarded attorney's fees to Sizer "pursuant to N.C. Gen. Stat. §§ 6-21.5 and/or 75-16.1." "The award of attorneys' fees under section 75-16.1 . . . [rests] within the sound discretion of the trial judge." *Castle McCulloch v. Freedman*, 169 N.C. App. 497, 504, 610 S.E.2d 416, 421-22 (2005). A trial court's decision to

grant attorney's fees under Chapter 75 "may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason." *Id.* at 504, 610 S.E.2d at 422.

### B. Analysis

A trial judge may award attorney's fees to the prevailing party in any suit initiated by a person who proves a party violated N.C. Gen. Stat. § 75-1.1 (2023), *i.e.,* if a party brings an Unfair and Deceptive Trade Practices Act ("UDTPA") claim. N.C. Gen. Stat. § 75-16.1(1)-(2) (2023). To award attorney's fees, the trial court must find and conclude the "party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of such suit[,]" or the "party instituting the action knew, or should have known, the action was frivolous and malicious." *Id.*

If the trial court awards attorney's fees to the prevailing party, the trial court must make the findings and conclusions required pursuant to N.C. Gen. Stat. § 75-16.1(1)-(2). The court must also make supported findings and conclusions the attorney's fee award is reasonable. *McKinnon v. CV Industries, Inc.*, 228 N.C. App. 190, 199, 745 S.E.2d 343, 350 (2013) (citing N.C. Gen. Stat. § 75-16.1(2); *Barbee v. Atl. Marine Sales & Serv., Inc.*, 115 N.C. App. 641, 648, 446 S.E.2d 117, 122 (1994)).

"A claim is frivolous if a proponent can present no rational argument based upon the evidence or law in support of [it]. A claim is malicious if it is wrongful and done intentionally without just cause or excuse or as a result of ill will." *Blyth v.*

*McCrary,* 184 N.C. App. 654, 663 n. 5, 646 S.E.2d 813, 820 n. 5 (2007) (internal citations and quotation marks omitted).

Our Supreme Court has prescribed reasonableness factors for trial courts to follow when awarding attorneys' fees under N.C. Gen. Stat. § 75-16.1 (2023):

> In addition to [the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney] . . . the trial court should consider and make findings concerning the novelty and difficulty of the questions of law, the adequacy of the representation, the difficulty of the problems faced by the attorney, especially any unusual difficulties, and the kind of case for which the fees are sought and the result obtained.

*United Laboratories, Inc. v. Kuykendall*, 335 N.C. 183, 195, 437 S.E.2d 374, 381-82 (1993) (citation and quotation marks omitted).

HJH alleged Sizer had engaged in conduct constituting unfair and deceptive trade practices pursuant to N.C. Gen. Stat. § 75-1.1 (2023) in its third-party complaint against Sizer. Sizer is the prevailing party, as the trial court granted the motion to dismiss HJH's UDTPA claim. The trial court made the following findings of fact and conclusions of law:

> 11. The Third-Party Complaint, and subsequent amendment, alleged fraud and an UDTPA violation against Sizer.
>
> 12. On September 3, 2024, in response to Defendants' Third-Party Complaint filed against Sizer, counsel for Sizer sent a letter detailing why the Third-Party Complaint was not justiciable and should be dismissed voluntarily, arguing that Defendant's use of Rule 14 to

interplead Sizer was not proper as the counterclaim did not seek indemnification or contribution and in any event, the settlement agreement between Plaintiff and Sizer barred any contribution action under N.C. Gen. Stat. 1B-4. A copy of that letter is attached as Exhibit A.

13. Defendants responded via letter on September 23, 2024. A copy of that letter is attached as Exhibit B, and the email that accompanied the letter is attached as Exhibit C. In the letter, Defendant's attorney stated that HJH "would prefer to resolve the lawsuit without [Sizer's] further involvement" and that Plaintiff's allegations in its Amended Complaint left HJH with no practical alternative to filing the Third-Party Complaint. The letter also set forth the reasons why HJH believed the Third-Party Complaint was proper under North Carolina law. The transmittal email with the letter stated that HJH's attorney would undertake to "minimize [Sizer's] involvement and fees."

14. On or about September 26, 2024, Defendants filed the First Amendment to the Third-Party Complaint.

15. Counsel for Sizer then sent another letter to Defendants' counsel on September 30, 2024, detailing why the Amendment to the Third-Party Complaint still failed to present a justiciable issue to this Court. A copy of that letter is attached as Exhibit D.

16. The September 30, 2024, letter advised Defendant's counsel that if Defendant did not voluntarily dismiss the Amended Third-Party Complaint before the end of day on October 1, 2024, Sizer would move to recoup his attorneys' fees and costs.

. . . .

40. In addition, the agreement at issue in this case, upon which Defendant contended that Sizer misrepresented his authority to sign, does not state what Defendant contends.

41. Instead, the agreement states [ ] the parties have the authority to enter into the Agreement. The parties are Plaintiff and Defendants, not Sizer. Accordingly, there is not an allegation that Sizer made a representation. *See Laster v. Francis*, 199 N.C. App. 572, 577, 681 S.E.2d 858, 862 (2009) ("Although it is true that the allegations of plaintiff[']s complaint are liberally construed and generally treated as true, the trial court can reject allegations that are contradicted by the documents attached, specifically referred to, or incorporated by reference in the complaint.")[.]

42. Given that Defendant's UDTPA claim was predicated entirely on the fraud claim, and the fraud claim was not plead with particularity and brought in violation of Rule 14, the UDTPA was dismissed as well. *Brown v. Roth*, 133 N.C. App. 52, 56 n.3, 514 S.E.2d 294, 297 (1999) (upholding grant of summary judgment on an UDTPA claim where plaintiff relied entirely upon fraud to establish a violation of the UDTPA).

43. Sizer is entitled to an award of costs and attorneys' fees under N.C. Gen. Stat. § 6-21.5, as Defendant knew or should have known that the Third-Party Complaint and the subsequent amendment did not present a justiciable issue.

44. Further, Sizer is entitled to award of fees under N.C. Gen. Stat. § 75-16.1.

45. Under N.C. Gen. Stat. § 75-16.1, this Court may award attorneys' fees where the claimant knew or should have known that the UDTPA was not well grounded in any factual or legal basis. *Waccamaw Bank v. Keystone Builders Res. Grp., Inc. (In re Eagle Creek Subdivision, LLC)*, Nos. 08-04292-8-JRL, L-09-00049-8-JRL, 2010 Bankr. LEXIS 1526, at *28 (Bankr. E.D.N.C. May 7, 2010).

46. An award of attorneys' fees is appropriate where well-settled law defeats the claimant's UDTPA claim. *See Sloan v. Inolife Techs., Inc.*, 2017 NCBC LEXIS 45, ¶¶ 67-68 (N.C.

Supr. Ct. 2017) (awarding attorneys' fees where party brough UDTPA claim arising out of a securities transaction).

47. As noted, it is well-settled that Rule 14 may only be used for contribution or indemnification claims, neither of which Defendant made even an effort to plead.

48. Further, even to the extent Defendant plead a contribution action, the settlement between Plaintiff and Sizer is a bar to Defendant's contribution claim against Sizer[ ] under N.C. Gen. § IB-4.

49. Defendant has taken shifting positions in this litigation, first arguing that Sizer had authority to enter the agreement, a position Defendant appears to maintain at the hearing on the motions to dismiss, while simultaneously arguing in the alternative that Sizer defrauded Defendant by misrepresenting his authority.

50. These contradicting allegations are further evidence of the frivolous and malicious nature of the UDTPA claim.

51. This Court therefore awards attorneys' fees under N.C. Gen. Stat. § 75-16.1.

(bold formatting for exhibit titles omitted).

A court examining HJH's behavior and legal contentions could reasonably find and conclude HJH's actions were frivolous or malicious. *Castle McCulloch,* 169 N.C. App. at 504, 610 S.E.2d at 421-22. The trial court made the requisite findings regarding the time and labor expended by the attorneys, the skill required, the customary fee for like work, and the experience or ability of the attorney. *United Laboratories*, 335 N.C. at 195, 437 S.E.2d at 381-82.

The trial court did not abuse its discretion by awarding Sizer attorney's fees

pursuant to N.C. Gen. Stat. § 75-16.1 (2023). *Castle McCulloch,* 169 N.C. App. at 504, 610 S.E.2d at 421-22.

Because the trial court did not abuse its discretion by awarding attorney's fees pursuant to N.C. Gen. Stat. § 75-16.1, and the trial court's order awarded Sizer attorney's fees "pursuant to N.C. Gen. Stat. §§ 6-21.5 and/or 75-16.1[,]" we need not address HJH's arguments regarding and challenging the attorney's fee award under N.C. Gen. Stat. § 6-21.5 (2023).

## V.    Conclusion

HJH's appeal is not interlocutory.  Sizer's motion to dismiss its appeal is dismissed as moot.  The trial court did not abuse its discretion by awarding attorney's fees to Sizer.  The order appealed from is affirmed.  *It is so ordered.*

AFFIRMED.

Chief Judge Dillon concurs.

Judge Stroud concurs in result only.

Report per Rule 30(e).