An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-691

Filed 7 January 2026

Wake County, No. 22CVS007629-910

BLAYLOCK'S GLEN HOMEOWNERS ASSOCIATION, INC., Plaintiff,

v.

DIANNE B. JONES, Defendant.

Appeal by defendant from judgment entered 10 July 2025 by Judge Bryan Collins in Wake County Superior Court. Heard in the Court of Appeals 18 November 2025.

> *Karrenstein & Love, PLLC, by Kenneth Love, for the plaintiff-appellee.*
>
> *Omer Law Firm, by David G. Omer, for the defendant-appellant.*

TYSON, Judge.

Dianne B. Jones ("Defendant") appeals from order granting summary judgment in favor of Blaylock's Glen Homeowners Association, Inc. ("Plaintiff"). We affirm.

## I. Background

Defendant recorded the "Declaration of Protective Covenants – Blaylock's Glen

Subdivision" with the Wake County Register of Deeds ("Declaration") on 12 February 2014. The Declaration provides, in relevant part, "Declarant intends to sell and convey the Lots and parcels within the subdivisions." Defendant incorporated Plaintiff as a nonprofit corporation with the North Carolina Secretary of State on 17 September 2014. Defendant recorded the Supplementary Declaration of Protective Covenants for Phase Two of Association ("Supplementary Declaration") with the Wake County Register of Deeds on 25 November 2014.

The Declaration and Supplementary Declaration incorporated by reference maps recorded with the Wake County Register of Deeds. The maps incorporated in the Declaration were "Phase 1" of the Blaylock's Glen Subdivision, and the maps incorporated in Supplementary Declaration were "Phase 2" of the Blaylock's Glen Subdivision.

Article III, § 5(c) of the Declaration states: "[Defendant] hereby covenants for its officials, their successors, and assigns that it will convey, bargain, and sell the Common Properties to the Association on or before the date the Declarant relinquishes its rights, duties, and responsibilities to the [Plaintiff]." Pursuant to Article 3, § 2 of the Declaration, said relinquishment was to occur on or before the date upon which the last lot in the subdivision was sold. Defendant relinquished her rights, duties and obligations to Plaintiff on or around 3 April 2017, when the last lot was sold. The common areas identified and described were never conveyed to Plaintiff.

On 10 January 2022, Plaintiff demanded Defendant to transfer and relinquish ownership of the Common Areas without compensation. Defendant declined to relinquish and transfer ownership of the Common Areas to Plaintiff.

Plaintiff filed suit on 22 June 2022 in Wake County Superior Court for Breach of Contract, Breach of Fiduciary Duty, Quiet Title pursuant to N.C. Gen. Stat. § 41-10, and seeking an award of attorney fees pursuant to N.C. Gen. Stat. § 6-21.2. Plaintiff relies upon Art. III §5(c) of the Declaration in supporting its entitlement to ownership of the Common Areas.

Defendant filed her Answer on 5 August 2022, denying each of Association's claims and asserting affirmative defenses of: (i) failure to join necessary parties pursuant to Rule 12(b)(7); (ii) lack of damages; (iii) lack of notice as required by N.C. Gen. Stat. § 6-21.2(5); (iv) laches; (v) lack of standing; and, (vi) failure to state a claim pursuant to Rule 12(b)(6).

Both parties moved for Summary Judgement. The trial court granted Plaintiff's motion on the quiet title issue and denied its motions on breach of contract, breach of fiduciary duty, and for attorney's fees. Defendant voluntarily dismissed their remaining claims. *See Curl v. Am. Multimedia, Inc.*, 187 N.C. App. 649, 653, 654 S.E.2d 76. 79 (2007) ("We conclude that, following the dismissal of Plaintiffs' remaining claims, their appeal was no longer interlocutory."). Defendant appeals.

## II.    Jurisdiction

Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2023).

### III.    Issues

Defendant argues the trial court erred in granting Plaintiff's motion for summary judgment.

### IV.    Standard of Review

North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain summary judgment upon demonstrating "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" show they are "entitled to a judgment as a matter of law" and "there is no genuine issue as to any material fact." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2023).

A material fact is one supported by evidence that would "persuade a reasonable mind to accept a conclusion." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 579, 573 S.E.2d 118, 124 (2002) (citation omitted). "An issue is material if the facts alleged would . . . affect the result of the action." *Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972).

Our Court has held:

> A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 212, 580 S.E.2d 732, 735 (2003), *aff'd per curiam*, 358 N.C. 131, 591 S.E.2d 521 (2004) (citation and internal

quotation marks omitted).

When reviewing the allegations and proffers at summary judgment, "[a]ll inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion." *Boudreau v. Baughman*, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted). Summary judgment is not appropriate where matters of credibility and determining the weight of the evidence exist. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

"[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." *Pacheco v. Rogers and Breece, Inc.*, 157 N.C. App. 448, 445, 579 S.E.2d 505, 507 (2003) (citation omitted).

On appeal, "[t]he standard of review for summary judgment is de novo." *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

## V.  Analysis

Defendant argues the trial court erred by granting Plaintiff's motion for summary judgment. Defendant asserts the intent of the parties requires the common areas to be sold, rather than freely conveyed. Defendant points to two separate provisions within the Declaration to support their argument:

> WHEREAS, Declarant intends to sell and convey the Lots

> and parcels within the subdivision and, before doing so, desires to impose upon them mutual and beneficial restrictions, covenants, equitable servitudes, and charges under the general plan or scheme of Improvements for the benefit of all Lots and parcels in the subdivision and for the benefit of the Owners and future Owners thereof.
>
> . . .
>
> Title to Common Properties. Declarant hereby covenants for its officials, their successors and assigns that it will convey, bargain, and sell the Common Properties to the Association on or before the date the Declarant relinquishes its rights, duties, and responsibilities to the Association.

Defendant's reliance is misplaced. Defendant created Plaintiff seven months *after* Defendant had drafted the contract now at issue. Chapter 47F governs the ability of a homeowner's association to encumber or convey common areas within an association. In order to sell or encumber a common area, a vote tallying eighty percent of the planned community is required to approve the transaction. N.C. Gen. Stat. § 47F-3-112 (2023).

The Wake County Uniform Development Ordinance dictates who may own common areas within Wake County. The conveyance "shall be in fee simple . . . . Title to the real property shall be conveyed no later than the time of the conveyance of the first lot within the applicable phase of the development." Wake County, N.C., Unified Development Ordinance art 2.5, § 2.5.7B. Defendant's argument is overruled.

Defendant further argues the Declaration fails for lack of consideration, and, even if this Court finds a contract exists, no breach has occurred, and the Declaration

violates the Statute of Frauds. N.C. Gen. Stat. § 22-2 (2023). However, all three arguments are misplaced for the same reason. Plaintiff asserts Defendant was compensated for the common areas and provided an affidavit tending show the industry practice is for the developer to factor in the cost of the common areas into the price of the lots and houses it develops within the development. Defendant did not refute this affidavit. *Pacheco,* 157 N.C. App. at 445, 579 S.E.2d at 507, ("once the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial." (citation omitted)). The trial court properly granted summary judgment for Plaintiff in their action to quiet title.

## VI.    Conclusion

The trial court properly granted summary judgment for Plaintiff. The order of the trial court is affirmed. *It is so ordered.*

AFFIRMED.

Chief Judge DILLON concurs.

Judge STROUD concurs in result only.

Report per Rule 30(e).